IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JON PATRICK & CAROLYN PIERCE, | ) | |
| | ) | CASE NO. BK06-80726-TJM |
| Debtor(s). | ) | A06-8098-TJM |
| J.C. & BETTY LOU BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| JON PATRICK & CAROLYN PIERCE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the defendant debtors' motion for summary judgment (Fil. #30) and resistance by the plaintiffs (Fil. #38). Jerry Katskee and John Turco represent the debtors, and William Switzer represents the plaintiffs. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The plaintiffs filed this adversary proceeding to object to the dischargeability of a debt under 11 U.S.C. § 523(a)(2) and (a)(4). The debtor Jon Patrick Pierce was president of an investment advisory company based in Omaha, Nebraska, and registered with the Securities and Exchange Commission ("SEC"). The SEC entered a disciplinary order finding that Mr. Pierce had committed fraud in his dealings with investors, individually and as a fiduciary. He was barred from association with any broker, dealer, or investment adviser, and was ordered to pay a civil penalty of $50,000. The plaintiffs assert that Mr. Pierce's false representations, material misrepresentations, and material omissions induced them to invest money resulting in a loss to them of $145,440.11. It is not alleged in the complaint, but the evidence submitted on this motion indicates that the plaintiffs had telephonic and written communications with Carolyn Pierce as well.

The Bankruptcy Appellate Panel of the Eighth Circuit has explained in detail the bankruptcy court's duties in considering a motion for summary judgment:

> Summary judgment is only appropriate "if the record 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir.

1997) (quoting Fed. R. Civ. P. 56(c)) [and] Fed. R. Bankr. P. 7056 (making Fed. R. Civ. P. 56 applicable in adversary proceedings in bankruptcy). In making this determination, the function of the presiding court is not to weigh evidence and to make credibility determinations, or to attempt to determine the truth of the matter, but is, rather, solely "to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) . . . . Indeed, under the proper analysis, "the [c]ourt views the facts in a light most favorable to the nonmoving party and allows that party the benefit of all reasonable inferences to be drawn from that evidence.'" Prudential Ins. Co. v. Hinkel, 121 F.3d 364, 366 (8th Cir. 1997), cert. denied sub nom. Hinkel v. Hinkel, 522 U.S. 1048, 118 S. Ct. 693, 139 L. Ed. 2d 638 (1998); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); Dulany, 132 F.3d at 1237; Kunkel v. Sprague Nat'l Bank, 128 F.3d 636, 640 (8th Cir. 1997).

Upon a motion for summary judgment, the initial burden of proof is allocated to the movant in the form of demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986); see Matsushita, at 586, 106 S. Ct. at 1355; Hinkel, 121 F.3d at 366; Nelson v. Kingsley (In re Kingsley), 208 B.R. 918, 920 (8th Cir. B.A.P. 1997). Once met, the burden then shifts to the nonmoving party "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)); see Matsushita, at 587, 106 S. Ct. at 1356; Tenbarge v. Ames Taping Tool Sys., Inc., 128 F.3d 656, 658 (8th Cir. 1997); In re Kingsley, 208 B.R. at 920.

In this respect, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts; [it] must show there is sufficient evidence to support a jury verdict in [its] favor." Chism v. W.R. Grace & Co., 158 F.3d 988, 990 (8th Cir. 1998) (quoting Matsushita, at 586, 106 S. Ct. at 1356) (internal quotation marks omitted); see Anderson, at 249, 106 S. Ct. at 2510. . . .

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, at 322, 106 S. Ct. at 2552[.] "We look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Dulany, supra (quoting Anderson, at 248, 106 S. Ct. at 2510); see South Dakota Mining Assoc., Inc. v. Lawrence County, 155 F.3d 1005, 1009 (8th Cir.1998) (quoting same); Dodd v. Runyon, 114 F.3d 726, 729 (8th Cir. 1997).

Ries v. Wintz Props., Inc. (In re Wintz Cos.), 230 B.R. 848, 857-58 (B.A.P. 8th Cir. 1999).

The Bankruptcy Code prohibits debtors from discharging debts "incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an honest but unfortunate debtor." Cohen v. de la Cruz, 523 U.S. 213, 217 (1998) (internal citation omitted). To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. Universal Bank, N.A. v. Grause (In re Grause), 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing Thul v. Ophaug (In re Ophaug), 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by Field v. Mans, 516 U.S. 59 (1995)); Blue Skies, Inc. v. Preece (In re Preece), 367 B.R. 647, 652 (B.A.P. 8th Cir. 2007).

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity. To prevail, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed defalcation in the course of that fiduciary relationship. Int'l Fid. Ins. Co. v. Fox (In re Fox), 357 B.R. 770, 778 (Bankr. E.D. Ark. 2006).

Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane), 124 F.3d 978, 984 (8th Cir. 1997), cert. denied, 522 U.S. 1112 (1998). "Acting in a fiduciary capacity" is limited in application to technical or express trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. See Hunter v. Philpott, 373 F.3d 873 (8th Cir. 2004) ("fiduciary" used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); Barclays Am./Bus. Credit, Inc. v. Long (In re Long), 774 F.2d 875, 878-79 (8th Cir. 1985) (for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship).

According to the caselaw in the Eighth Circuit, a bankruptcy court can find a "defalcation" under 11 U.S.C. § 523(a)(4) without evidence of intentional fraud or other intentional wrongdoing. The Eighth Circuit Court of Appeals, in the Cochrane case, stated:

> Defalcation is defined as the "misappropriation of trust funds or money held in any fiduciary capacity; [the] failure to properly account for such funds." Under section 523(a)(4), defalcation "includes the innocent default of a fiduciary who fails to account fully for money received." . . . An individual may be liable for defalcation without having the intent to defraud.

Cochrane, 124 F.3d at 984 (quoting Lewis v. Scott, 97 F.3d 1182, 1186 (9th Cir. 1996)).

In moving for summary judgment here, the defendant debtors rely on deposition testimony from the plaintiffs that they did not deal with the Pierces when they made their investment, instead

conducting the transaction solely through their local agent. The debtors argue that because the plaintiffs put money into the debtors' investment program without ever having spoken to the debtors, § 523(a)(2)(A) cannot be applicable as there could have been no false representations made at the time.

However, this interpretation of § 523(a)(2)(A) reads an additional requirement into the statute. Neither the statutory language nor the Eighth Circuit caselaw construing it requires a false representation made by the debtor directly to the creditor. The statute requires only that the debtor have made a false representation with the intention of causing another to rely on it, and that the recipient of the information has justifiably relied on it to his or her detriment. In this case, if the evidence at trial shows that the debtors made false representations via their agent, and the other requirements of § 523(a)(2)(A) are met, the debt may be excepted from discharge.

IT IS ORDERED the defendant debtors' motion for summary judgment (Fil. #30) is denied.

DATED:       April 30, 2008

                                        BY THE COURT:

                                        Timothy J. Mahoney
                                        Chief Judge

Notice given by the Court to:
    *Jerry Katskee
    *John Turco
    William Switzer
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.