IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-80726-TJM |
| | ) | A06-8098-TJM |
| JON PATRICK PIERCE and | ) | |
| CAROLYN KAY PIERCE, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |
| J C BAILEY and BETTY LOU BAILEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JON PATRICK PIERCE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Trial was held in Omaha, Nebraska, on June 4, 2009, regarding the complaint filed herein. Plaintiffs did not appear and Jerry W. Katskee and John T. Turco appeared for Jon Patrick Pierce.

Defendant Jon Patrick Bailey operated an investment broker registered with the Securities and Exchange Commission ("SEC") and marketed certain investment products through a company he owned. The products were marketed through independent registered investment advisors in various parts of the United States. Mr. and Mrs. Bailey live in Tuscaloosa, Alabama, and made certain investments in the product offered by Mr. Pierce's company through a registered investment advisor in Tuscaloosa. The particular product they invested in was promoted as having a feature that insured investors against the loss of principal if the investment remained in place for at least five years.

The insurance policy was sold by a Florida licensed insurance company and was part of the investment product package sold by many companies throughout the United States.

In addition to this particular product, Mr. Pierce's company created and sold another type of product that Mr. Pierce described as trust notes. Eventually several things happened to Mr. Pierce's business. First, there was an SEC investigation of the trust notes product. While that investigation was ongoing, the insurance company that insured the Baileys' investment product was put into receivership and eventually liquidated. Then, as a result of the SEC investigation, Mr. Pierce's company liquidated and closed. Both of these actions, taken together, apparently caused a monetary loss to the Baileys.

Also, as a result of the closing of the business, Mr. and Mrs. Pierce had financial difficulties and eventually filed Chapter 7 bankruptcy cases.

Mr. and Mrs. Bailey sued both Pierces for fraud under 11 U.S.C. §§ 523(a)(2) and (a)(4).

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false

representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). To establish fraud within the context of § 523(a)(2)(A), a creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. Universal Bank, N.A. v. Grause (In re Grause), 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing Thul v. Ophaug (In re Ophaug), 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by Field v. Mans, 516 U.S. 59 (1995)); Blue Skies, Inc. v. Preece (In re Preece), 367 B.R. 647, 652 (B.A.P. 8th Cir. 2007).

To amount to fraud, a statement must be made deliberately and intentionally with the intention and purpose of deceiving. Lindau v. Nelson (In re Nelson), 357 B.R. 508, 513 (B.A.P. 8th Cir. 2006). When assessing the debtor's knowledge that the representation was false, the court must consider the debtor's knowledge and experience. Merchants Nat'l Bank v. Moen (In re Moen), 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999) (citing Federal Trade Comm'n v. Duggan (In re Duggan), 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)).

"The intent element of § 523(a)(2)(A) does not require a finding of malevolence or personal ill-will; all it requires is a showing of an intent to induce the creditor to rely and act on the misrepresentations in question." Moen at 791 (quoting Moodie-Yannotti v. Swan (In re Swan), 156 B.R. 618, 623 n.6 (Bankr. D. Minn. 1993)). "Because direct proof of intent (i.e., the debtor's state of mind) is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred." Id. (quoting Caspers v. Van Horne (In re Van Horne), 823 F.2d 1285, 1287 (8th Cir. 1987), abrogated on other grounds, Grogan v. Garner, 498 U.S. 279 (1991)).

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. To prevail, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed defalcation in the course of that fiduciary relationship. Jafarpour v. Shahrokhi (In re Shahrokhi), 266 B.R. 702, 707 (B.A.P. 8th Cir. 2001).

Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane), 124 F.3d 978, 984 (8th Cir. 1997). "Acting in a fiduciary capacity" is limited in application to technical or express trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. See Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934) (stating that the scope of the discharge exception is to be limited to technical trusts, not implied or constructive trusts); Hunter v. Philpott, 373 F.3d 873 (8th Cir. 2004) (stating "fiduciary" is used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); Barclays Am./Bus. Credit, Inc. v. Long (In re Long), 774 F.2d 875, 878-79 (8th Cir. 1985) (holding that for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship).

At trial, the Baileys did not present any evidence, but Mr. Pierce presented some 700 pages of documents, including the depositions of Mr. and Mrs. Bailey. The documents concern the insurance product and the insurance company and other matters all related to the legitimacy of Mr.

-2-

Pierce's business and the investment and insurance policy that his business promoted.

In the depositions, both Mr. and Mrs. Bailey admitted that they had never met or talked to Mr. Pierce. They had no correspondence from Mr. Pierce and the basis for their claim of fraud was that an SEC investigator had mentioned the fraud allegations in the SEC investigation, as well as the fact that the insurance had been cancelled and was of no benefit to them. They appear to be arguing that there never was any insurance, so any representations made in the advertising literature that they reviewed had to have been false.

Prior to trial, based upon a motion by Mrs. Pierce, she was dismissed from the case.

There is no evidence that Mr. Pierce or any representative of his company made a fraudulent misrepresentation to the Baileys. There is evidence that there actually was an insurance company and policies were issued. There is also evidence that the insurance company, when it came time to pay customers of Mr. Pierce and customers of other companies around the country, refused to pay, was sued and eventually liquidated. From the liquidation, Mr. and Mrs. Pierce received a distribution compensating them somewhat for their loss. In addition, they sued the registered investment advisor from whom they received the solicitation to invest and received a monetary settlement from that case.

Based upon the evidence presented, I find that the Plaintiffs have failed to meet their evidentiary burden and a judgment will be entered in favor of the Defendant Jon Patrick Pierce and against the Plaintiffs.

DATED:        June 12, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    J C Bailey
    Betty Lou Bailey
    Jerry W. Katskee
    John T. Turco
    U.S. Trustee